| | |
|---|---|
| PETER C. ANDERSON, UNITED STATES TRUSTEE<br>JILL M. STURTEVANT<br>ASSISTANT UNITED STATES TRUSTEE<br>DARE LAW, TRIAL ATTORNEY, SBN 155714<br>OFFICE OF THE UNITED STATES TRUSTEE<br>725 S. Figueroa Street, Suite 2600<br>Los Angeles, California 90017<br>(213) 894-4925; Facsimile: (213) 894-2603<br>dare.law@usdoj.gov | FOR COURT USE ONLY<br><br>Revised 10/05 |
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>LOS ANGELES DIVISION** | |
| In re<br>  **Guillermo Luis Calixtro & Tina Calixtro**<br>                                                        Debtor(s). | |
| **NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(b) TO CONVERT OR DISMISS CASE WITH AN ORDER DIRECTING PAYMENT OF QUARTERLY FEES AND FOR JUDGMENT THEREON; DECLARATION OF PARALEGAL SPECIALIST** | CHAPTER 11<br><br>CASE NUMBER **2:10-bk-33389 ER** |

TO THE DEBTOR, DEBTOR'S ATTORNEY, CREDITORS, AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on the following date and time in the indicated courtroom, the United States Trustee will move, and does hereby move the Court for an order either converting the above entitled chapter 11 case to chapter 7 or dismissing the case, for payment of quarterly fees, for judgment thereon and for such other relief as may be appropriate on the grounds set forth below.

| | | |
|---|---|---|
| Hearing Date: 9/02/2010 | Time: 11:00 a.m. | Courtroom: 1568 |
| Location: 255 E. Temple Street, Los Angeles, California 90012 | | |

Local Bankruptcy Rule 9013-1(f) requires that any opposition or response to this motion be stated in writing, filed with the Clerk of the Court and served upon the United States Trustee at the address set forth in the upper left-hand corner of this document, upon the chapter 11 trustee and his or her attorney if a trustee has been appointed, and upon the debtor and the debtor's attorney no less than fourteen (14) days prior to the above hearing date. The court may treat failure to file a written response to this motion within the required time period as consent to the motion.

**FILING INFORMATION**
[X] A voluntary petition under          [ ] chapter 7  [X] chapter 11  [ ] chapter 13 was filed on: **6/09/2010**
[ ] An involuntary petition under        [ ] chapter 7  [ ] chapter 11 was filed on:
[ ] An order of relief under             [ ] chapter 7  [ ] chapter 11 was entered on:
[ ] An order of conversion to            [ ] chapter 7  [ ] chapter 11 [ ] chapter 13 was entered on:

| Page 2 - (Form 2.1)    (SHORT TITLE) | CHAPTER 11 |
|---|---|
| In Re: **Guillermo Luis Calixtro & Tina Calixtro**<br>                                                        Debtor(s) | CASE NUMBER **2:10-bk-33389 ER** |

## PROCEDURAL STATUS

[ ] An order for the appointment of a chapter 11 trustee (examiner) was entered on:
[ ] Name of trustee (examiner) appointment:
[ ] Name of attorney of record for trustee (examiner):
[ ] The petition was filed by a Corporation without an attorney in violation of Local Bankruptcy Rule 9011-2 (a) which prohibits a corporation, partnership or unincorporated association from filing a petition or otherwise appearing without counsel except for limited circumstances not applicable to prosecuting this Chapter 11 case.

## FACTS

1.  [ ] The Debtor(s) is/are a small business debtor as that term is defined in 11 U.S.C. § 101(51)(D).
    [X] To date, no Disclosure Statement or Plan of Reorganization has been filed or submitted by the Debtor.
    [ ] The Debtor(s) has failed to schedule a hearing for approval of the Disclosure Statement or Plan.
    [ ] A hearing to consider the adequacy of information in the Debtor's Disclosure Statement is set for:

    [ ] The disclosure statement was approved by the Court by an Order entered on:

2.  The Debtor has failed to comply with the requirements of the United States Trustee Chapter 11 Notices and Guides, Bankruptcy Code and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings as follows:

    [ ] Schedules of Assets and Liabilities.
    [ ] Statement of Financial Affairs.
    [ ] Form B22B, Statement of Current Monthly Income.
    [ ] Credit Counseling Certificate and copy of any debt repayment plan.
    [ ] List of the twenty (20) largest unsecured creditors.
    [ ] Notice of Setting/Increasing Insider Compensation.
    [ ] Appear at the Initial Debtor Interview.
    [ ] Appear at the duly noticed §341(a) examination.
    [ ] Real Property Questionnaire(s).
    [X] Sufficient evidence of closing of all pre-petition bank accounts including: (1) closing bank statements; and (2) a declaration, sworn under penalty of perjury, disclosing all pre-petition bank accounts, including the name and address of the bank, the account number, the date the account was closed and the amount in the account at time of closing.
    [X] Sufficient evidence of the opening and maintenance of three debtor-in-possession bank accounts (general, payroll and tax)[1] including: (1) a voided original "debtor-in-possession" check for each account and; (2) a copy of the signature card for each account.
    [X] Sufficient evidence of current insurance coverage including: (1) the declaration page for each policy; and (2) a declaration, sworn under penalty of perjury, stating that the debtor has all applicable customary insurance required to operate.
    [ ] Proof of required certificates and/or applicable licenses.
    [ ] A list of insiders as defined at 11 U.S.C. §101(31).
    [X] Most recently prepared audited and/or unaudited financial statements issued prior to filing.

---

[1] Unless Debtor has requested in writing that the United States Trustee waive one or more of the required accounts and the United States Trustee has granted the request in writing.

| Page 3 - (Form 2.1)    (SHORT TITLE) | CHAPTER 11 |
|---|---|
| In Re: **Guillermo Luis Calixtro & Tina Calixtro**<br>                                               Debtor(s) | CASE NUMBER **2:10-bk-33389 ER** |

[X]  A projected cash flow statement for the first ninety (90) days of operation under chapter 11.
[X]  Copies of any and all trust agreements to which the Debtor is a party or under which property is held.
[ ]  A conformed copies of the recording of the Debtor's bankruptcy petition in each county in which real property is owned.
[ ]  A physical inventory as of the date of filing of the petition.
[X]  A Statement of Major Issues and Timetable Report.
[X]  Copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns. **Pending 2008 Tax Return**
[ ]  An Employee Benefit Plan Questionnaire
[X]  Monthly Operating Report(s) [X] since filing [ ] for the following periods: 06/10
[ ]  Pay quarterly fees [ ] since filing [ ] for the following quarters:
[ ]  Quarterly disbursement amounts for computation of quarterly fees [ ] since filing [ ] for the following quarters:

3.  [X]  Additional facts in support of the motion include[2]:

    **See Declaration of Karen D. Polk, Paralegal Specialist attached hereto.**

4.  [ ]  Attached to the concurrently filed declaration of Paralegal Specialist, are true and correct copies of the following documents in support of the above allegations:

    **Exhibit "1", Copy of Debtor's declaration that pre-petition bank accounts were closed;**
    **Exhibit "2", Copy of Debtor's Real Property Questionnaires;**
    **Exhibit "3", Copy of Debtor's auto insurance declaration which expired July 10, 2010.**

///

---

[2]The UST respectfully requests that the Court take judicial notice of Debtor's petition, schedules, statement of financial affairs and other documents filed therewith and any amendments thereto which are in the Court's filed, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor, are admissible admissions of the Debtor pursuant to Fed. R. Evid. 801(d). *See also* UST's Request for Judicial Notice ("RJN") filed concurrently with this Motion.

| Page 4 - (Form 2.1)    (SHORT TITLE) | CHAPTER 11 |
|---|---|
| In Re: Guillermo Luis Calixtro & Tina Calixtro<br>Debtor(s) | CASE NUMBER 2:10-bk-33389 ER |

## MEMORANDUM OF POINTS AND AUTHORITIES

- "[O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of creditors, the court shall convert a case under this chapter to a case under chapter 7 of this title or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." *11 U.S.C. § 1112(b)(1).*

- "For the purposes of this subsection, the term "cause" includes- (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; © failure to maintain appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; (E) failure to comply with an order of the court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor; (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any); (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; (K) failure to pay any fees or charges required under chapter 123 of title 28; (L) revocation of an order of confirmation under section 1144 of this title; (M) inability to effectuate substantial consummation of a confirmed plan; (N) material default by the debtor with respect to a confirmed plan; (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition." *11 U.S.C. § 1112(b)(4).*

- "In a small business case . . . (2) the plan and disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief". *11 U.S.C. § 1121(e)(2).*

- Local Bankruptcy Rule 2015-2(b) provides that timely compliance with the reasonable requirements of the Office of the United States Trustee is mandatory.

- Failure to comply with the reporting requirements of the United States Trustee and the Local Bankruptcy Rules is cause to dismiss a chapter 11 case or convert it to one under chapter 7 (11 U.S.C. § 1112(b)(1) and (b)(4)), [*In re 3868-70 White Plains Road Inc.*, 28 B.R. 515 (Bankr. S.D.N.Y. 1983); *In re Bianco*, 5 B.R. 466 (Bank. D. Mass.1980); *In re Pappas,* 17 B.R. 662 (Bankr. D. Mass. 1982)].

- The court may convert or dismiss a case where no reasonable possibility of effective reorganization exists, the debtor is unable to effectuate a plan and/or for unreasonable delay which prejudices the rights of creditors. *See, e.g., In re Johnston*, 149 Bankr 158, 161 (9th Cir. BAP 1992).

- The court may prohibit the debtor from filing another bankruptcy petition for a period of 180 days where the debtor has failed to properly prosecute the case. 11 U.S.C. §§ 105, 109(g) and 349(a).

- The United States Trustee Notices and Guides provide that payment of quarterly fees is due upon dismissal of the case. The United States Trustee requests that the court order payment as requested herein and enter a judgment pursuant to Bankruptcy Rules 9014 and 7052 if the case is dismissed.

| Page 5 - (Form 2.1)    (SHORT TITLE) | CHAPTER 11 |
|---|---|
| In Re: **Guillermo Luis Calixtro & Tina Calixtro**<br>                                                            Debtor(s) | CASE NUMBER **2:10-bk-33389 ER** |

**Based on the above facts and law, and also based upon such oral and/or documentary evidence as may be presented at the time of the hearing, the United States Trustee respectfully requests as follows.**

1. That the Court grant the United States Trustee's motion herein and either dismiss this case or convert it to one under chapter 7 of the United States Bankruptcy Code. The United States Trustee suggests that

    [ ] conversion
    [ ] dismissal
    [X] dismissal with 180 day bar is more appropriate.

2. If the case is converted to one under chapter 7, that the Court enter an order requiring debtor's counsel to file a fee application under Bankruptcy Code § 330 within thirty (30) days.

3. If the case is dismissed, that the court enter an order prohibiting the debtor from filing another bankruptcy petition for a period of 180 days after the date of entry of the order of dismissal.

4. If the case is dismissed, that the Court order the debtor to pay any quarterly fees due to the United States Trustee forthwith and enter a judgment in favor of the United States Trustee for any unpaid quarterly fees.

5. In the alternative, that the Court set dates certain for the debtor to file a disclosure statement and plan, to obtain court approval of the adequacy of information in the disclosure statement, and to obtain court confirmation of a plan of reorganization ("dates certain") and that this court order that the debtor remain in full and timely compliance with the United States Trustee requirements.

6. If the court sets date(s) certain and/or orders that the debtor remain in full and timely compliance with the United States Trustee requirements, that the court further order that if the debtor fails to comply with any date set or to remain in full and timely compliance, that this case may be converted or dismissed without further hearing, upon application of the United States Trustee to the court, served upon debtor and debtor's counsel.

7. That the court order such other and further relief as may be appropriate in the circumstances.

Date: July 16, 2010

PETER C. ANDERSON
**UNITED STATES TRUSTEE**

_____
Dare Law
Attorney for United States Trustee

| Page 6 - (Form 2.1)    (SHORT TITLE) | CHAPTER 11 |
|---|---|
| In Re: **Guillermo Luis Calixtro & Tina Calixtro**<br>                                          Debtor(s) | CASE NUMBER **2:10-bk-33389 ER** |

# DECLARATION OF PARALEGAL SPECIALIST

I, Karen D. Polk, am employed as a Paralegal Specialist in the Office of the United States Trustee for the Central District of California with the responsibility of monitoring the administration of chapter 11 cases.

1. I have reviewed the files of the Office of the United States Trustee in connection with this bankruptcy case. I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

2. [ ]  The debtor is a small business debtor as that term is defined in 11 U.S.C. §101(51)(D).
   [X]  To date, no disclosure statement and plan of reorganization has been filed or submitted by the debtor.
   [ ]  The debtor has failed to schedule a hearing for approval of the disclosure statement or plan.
   [ ]  A hearing to consider the adequacy of information in the debtor's disclosure statement is set for:
   [ ]  The disclosure statement was approved by the court by an order entered on:

3. The Debtor has failed to comply with the requirements of the United States Trustee Chapter 11 Notices and Guides, Bankruptcy Code and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings as follows:
   [ ]  Schedules of Assets and Liabilities.
   [ ]  Statement of Financial Affairs.
   [ ]  Form B22B, Statement of Current Monthly Income.
   [ ]  Credit Counseling Certificate and copy of any debt repayment plan.
   [ ]  List of the twenty (20) largest unsecured creditors.
   [ ]  Notice of Setting/Increasing Insider Compensation.
   [ ]  Appear at the Initial Debtor Interview.
   [ ]  Appear at the duly noticed §341(a) examination.
   [ ]  Real Property Questionnaire(s).
   [X]  Sufficient evidence of closing of all pre-petition bank accounts including: (1) closing bank statements; and (2) a declaration, sworn under penalty of perjury, disclosing all pre-petition bank accounts, including the name and address of the bank, the account number, the date the account was closed and the amount in the account at time of closing.
   [X]  Sufficient evidence of the opening and maintenance of three debtor-in-possession bank accounts (general, payroll and tax)[3] including: (1) a voided original "debtor-in-possession" check for each account and; (2) a copy of the signature card for each account.
   [X]  Sufficient evidence of current insurance coverage including: (1) the declaration page for each policy; and (2) a declaration, sworn under penalty of perjury, stating that the debtor has all applicable customary insurance required to operate.
   [ ]  Proof of required certificates and/or applicable licenses.
   [ ]  A list of insiders as defined at 11 U.S.C. §101(31).
   [X]  Most recently prepared audited and/or unaudited financial statements issued prior to filing.
   [X]  A projected cash flow statement for the first ninety (90) days of operation under chapter 11.
   [X]  Copies of any and all trust agreements to which the Debtor is a party or under which property is held.
   [ ]  A conformed copies of the recording of the Debtor's bankruptcy petition in each county in which real

---

[3] Unless Debtor has requested in writing that the United States Trustee waive one or more of the required accounts and the United States Trustee has granted the request in writing.

| Page 7 - (Form 2.1)    (SHORT TITLE) | CHAPTER 11 |
|---|---|
| In Re: Guillermo Luis Calixtro & Tina Calixtro<br>Debtor(s) | CASE NUMBER 2:10-bk-33389 ER |

    property is owned.
- [ ] A physical inventory as of the date of filing of the petition.
- [X] A Statement of Major Issues and Timetable Report.
- [X] Copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns. **Pending 2008 Tax Return**
- [ ] An Employee Benefit Plan Questionnaire
- [X] Monthly Operating Report(s) [X] since filing [ ] for the following periods: 06/10
- [ ] Pay quarterly fees [ ] since filing [ ] for the following quarters:
- [ ] Quarterly disbursement amounts for computation of quarterly fees [ ] since filing [ ] for the following quarters:

4. [X] Additional facts in support of the motion include:[4]
    **A. Debtor provided a declaration that pre-petition bank accounts were closed but did not provide a zero balance statement with the date of closing or a final bank statement as evidence the closure.**
    **B. Debtor provided a copy of the Chase Bank signature card for a Debtor in Possession(DIP) account signed on June 16, 2010, but has provided voided DIP checks or amount deposited into the new account.**
    **C. Debtor has not provided copies of the insurance declarations for fire and hazzard coverage on both of the Debtor's properties listed on Schedule A and Real Property Questionnaires. Debtor states that the insurance is provided by the lender, but did not provide evidence of coverage being current.**
    **D. Auto insurance declaration provided by the debtor is for insurance that has expired July 10, 2010.**

5. [X] Attached to the concurrently filed declaration of bankruptcy analyst, are true and correct copies of the following documents in support of the above allegations:
    **Exhibit "1", Copy of Debtor's declaration that pre-petition bank accounts were closed;**
    **Exhibit "2", Copy of Debtor's Real Property Questionnaires;**
    **Exhibit "3", Copy of Debtor's auto insurance declaration which expired July 10, 2010.**

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the following date at Los Angeles, California.

Date: July 16, 2010

By: _____
    Karen D. Polk
    Paralegal Specialist

---

[4] The UST respectfully requests that the Court take judicial notice of Debtor's petition, schedules, statement of financial affairs and other documents filed therewith and any amendments thereto which are in the Court's filed, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor, are admissible admissions of the Debtor pursuant to Fed. R. Evid. 801(d). *See also* UST's Request for Judicial Notice ("RJN") filed concurrently with this Motion.

| In re: Guillermo Luis Calixtro & Tina Calixtro | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:10-33389 ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
725 South Figueroa Street, Suite 2600
Los Angeles, California 90017

A true and correct copy of the foregoing document described  NOTICE OF MOTION AND MOTION TO CONVERT OR DISMISS CASE WITH AN ORDER DIRECTING PAYMENT OF QUARTERLY FEES AND JUDGMENT THEREON  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 19, 2010         I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On  July 19, 2010       I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on    July 19, 2010       I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed. **Upon filing I will be giving a filed document to a Court delivery service consistent with our normal business practice, with instruction to deliver the copy to the chamber bin outside Suite1560 for the Honorable Ernest L. Robles.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 19, 2010 | Stephanie Hill | _Stephanie Hill_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

| In re: Guillermo Luis Calixtro & Tina Calixtro | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:10-33389 ER |

## ADDITIONAL SERVICE INFORMATION

### TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Dare Law    dare.law@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

### SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**DEBTOR**
**Guillermo Luis Calixtro**
9824 S. Hawkstone Ave
Whittier, CA 90605

**Tina Calixtro**
9824 S. Hawkstone Ave
Whittier, CA 90605

**DEBTOR'S COUNSEL**
Pro Se

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

9

F 9013-3.1

FROM:     OFFICE OF THE UNITED STATES TRUSTEE

DATE:     July 19, 2010

TO:       BANKRUPTCY NOTICING CENTER

SUBJECT:  UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE

**PART I**

**Please notice the subject motion for the following Chapter 11 case:**

CASE NUMBER: 2:10-bk-33389 ER

CASE NAME: Guillermo Luis Calixtro and Tina Calixtro


DATE PETITION FILED: June 09, 2010

HEARING DATE:  September 02, 2010         TIME: 11:00 am

COURTROOM: 1568

CONTACT AT U.S. TRUSTEE'S OFFICE: Dare Law
                                  Trial Attorney


        For Conversion or Dismissal Only

Does the conversion or dismissal involve a joint petition wherein one party (husband or wife) has been converted or dismissed?
            {  } Yes           {  } No

If yes, explain:

PREPARED BY: Stephanie Hill

==================================================

**PART II**    (To be completed by BANS)

Data Entry Operator _____        Date Entered _____

Comments: _____

_____

_____

_____

_____

10