Timothy F. Umbreit   SBN 145932
4701 Cartwright Avenue
Toluca Lake, CA 91602
818-535-7381 (v)
818-334-5659 (f)
tim@timumbreit.com
Attorney for Debtors Guillermo Luis Calixtro and Tina Calixtro

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| *IN RE* | ) Chapter 11 <br> ) Case No. 2:10-BK-33389-ER <br> ) <br> ) **MOTION OF DEBTOR GUILLERMO LUIS CALIXTRO AND TINA CALIXTRO, FOR ORDER VALUING COLLATERAL AND DETERMINING SECURED STATUS OF BAC HOME LOANS SERVICING, LP THE 1ST DEED OF TRUST HOLDER, ITS ASSIGNEES, TRANSFEREES AND / OR SUCCESSOR(S) IN INTEREST, AND BAC HOME LOAN SERVICING, LP THE 2ND DEED OF TRUST HOLDER , ITS ASSIGNEES, TRANSFEREES AND/OR SUCCESSOR(S) IN INTEREST , ON PROPERTY LOCATED AT 19830 E. SADDLE RIDGE LN., WALNUT, CA 91789; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS IN SUPPORT THEREOF** <br> ) <br> ) Date:       September 29, 2010 <br> ) Time:       10:00 AM <br> ) Place:      Courtroom "1568" <br> )                255 E. Temple St., <br> )                Los Angeles, CA 90012 |
| GUILLERMO LUIS CALIXTRO <br> TINA CALIXTRO <br><br><br> Debtors | |

**TO THE HONORABLE ERNEST ROBLES, UNITED STATES BANKRUPTCY JUDGE;**

– 1 –
Motion to Avoid Lien, etc. (Income property)

**BAC HOME LOANS SERVICING LP THE 1ST DEED OF TRUST HOLDER; BAC HOME LOANS SERVICING THE 2ND DEED OF TRUST HOLDER, AND ALL OTHER INTERESTED PARTIES:**

Debtors, Guillermo Luis Calixtro and Tina Calixtro, hereby move this Court for an Order Valuing the Collateral and Determining the Secured Status of BAC Home Loans Servicing, LP the 1st Deed of Trust Holder loan # 130739204 ("BAC 1st"), and BAC Home Loan Servicing, LP the 2nd Deed of Trust Holder loan # 130584896 ("BAC 2nd")on the Real Property Located at 19830 E. Saddle Ridge Ln., Walnut, CA 91789 ("Real Property"), which is income property improved by a single family residence.

The Debtors seek the requested Order pursuant of 11 U.S.C §506(a)(1) and Bankruptcy Rule 3012, which allows the Court to value the collateral of a secured creditor and to subsequently determine the secured status of said creditor. Debtors have determined based on an appraisal report provided by a licensed real estate appraisal, that the value of the Real Property is $765,000.00, which secures a senior lien owed by BAC Home Loans Servicing, LP ("BAC 1st") in the amount of $1,009.129.62, and a junior lien owed by BAC Home Loans Servicing, LP ("BAC 2nd") in the amount of $121,400.00. Based upon the appraisal report provided by California licensed real estate appraiser, Tai-Hsiung Huang of valuation of the Real Property, the value of the Real Property is $765,000.00 which is less than the amount owing on the senior lien and there exists no value, over and above the amount owned on the senior lien, to secure any portion of the junior liens. As such, the senior lien is secured only up to the value of the real property leaving the balance and the junior lien as unsecured, and thus they may be avoided.

The relief requested by this Motion is based upon the attached Notice of Motion and Motion, the Declaration of Guillermo Luis Calixtro, Declaration of California licensed real estate appraiser, Tai-Hsiun, the Memorandum of Points and Authorities attached hereto, all pleadings and documents currently on file with the Court as well as such other oral or documentary evidence as may be presented to the Court at the time of hearing on this Motion.

Date: 08/31/2010                    Respectfully submitted,


      /s/ Timothy F. Umbreit              .
Timothy F. Umbreit   SBN 145932
Attorney for Debtors

Case 2:10-bk-33389-ER    Doc 18    Filed 08/31/10    Entered 08/31/10 19:46:55    Desc
Main Document    Page 3 of 7

– 3 –
Motion to Avoid Lien, etc. (Income property)

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.

## Introduction

Guillermo Luis Calixtro and Tina Calixtro ("Debtors") seek to avoid the unsecured portion of the first trust deed owed to BAC Home Loans Servicing, LP (1st Deed of Trust), and the second trust deed owed to BAC Home Loans Servicing, LP (2nd Deed of Trust), both secured by a deeds of trust recorded against the real property located at 19830 E. Saddle Ridge Ln., Walnut, CA 91789 ("Real Property"), as no equity exists over and above $765,000.00 which is less than the amount owing on the first trust deed. The Real Property is said to have a value of $765,000.00, which secures a senior loan in the amount of $1,009,129.62. As no equity exists to fully secure the senior lien and no equity exits to secure the junior lien, they may be deemed to be unsecured and liens avoided.

## II.

## Statement of Facts

On June 9, 2010, Guillermo Luis Calixtro and Tina Calixtro filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court, Central District of California, Los Angeles Division. Since said date the Debtors have been, and continue to be, Debtors in Possession.

Prior to the filing of the Debtors' Chapter 11 Petition, and on or about August 22, 2006 the Debtors purchased the Real Property. The Real Property is a single family residence, which is leased out by the Debtors for income. The Real Property is not the principal residence of the Debtors.

At the time of the purchasing the Real Property, the Debtors obtained a loan from First Magnus Financial Corporation, in the principal amount of $971,900.00, to finance the purchase. This loan was subsequently assigned to Countrywide Home Loans and now is owed to BAC

Home Loans Servicing, LP ("BAC 1st"), who is now the owner and beneficiary thereof. True and correct copies of the Deed of Trust with legal description and the Adjustable Rate rider are attached to the Declaration of Guillermo Luis Calixtro, respectively marked as Exhibits "1", and incorporated herein by this reference.

At the same time as the Debtors purchased of the Real Property and obtaining the loan from BAC Home Loans Servicing, LP ("BAC 1st"), the Debtors also obtained a loan from First Magnus Financial Corporation, of $121,400.00 which the loan was secured by a junior Deed of Trust recorded against the Real Property. True and correct copies of the Deed of Trust is attached to the Declaration of Guillermo Luis Calixtro, respectively marked as Exhibit "2", and incorporated herein by this reference.

This loan secured by the junior lien was subsequently assigned to Countrywide Home Loans and is now owned by BAC Home Loans Servicing, LP ("BAC 2nd").

At the time of the Debtors' filing of the immediate Chapter 11 Petition, they schedule the Real Property as having a value of $785,000.00, and now based on the appraisal report provided by the California licensed real estate appraiser, Tai-Hsiung Huang, the value of the property is $765,000.00. A true and correct copy of the appraisal report is attached to the Declaration of Guillermo Luis Calixtro, marked as Exhibit "3" and incorporated herein by this reference.

As of the date of this Motion, BAC Home Loans Servicing, LP ("BAC 1st") has not filed yet a Proof of Claim. On July 29, 2010 BAC Home Loans Servicing, LP ("BAC 1st") sent the most current monthly statement, a true and correct copy of the mortgage statement is attached to the Declaration of Guillermo Luis Calixtro, marked as Exhibit "4" and incorporated herein by this reference.

As of the date of this Motion, BAC Home Loans Servicing, LP ("BAC 2nd") has not filed yet a Proof of Claim. On July 29, 2010 BAC Home Loans Servicing, LP ("BAC 2nd") sent the most current monthly statement, a true and correct copy of the mortgage statement is attached to the Declaration of Guillermo Luis Calixtro, marked as Exhibit "5" and incorporated herein by this reference.

Case 2:10-bk-33389-ER    Doc 18    Filed 08/31/10    Entered 08/31/10 19:46:55    Desc
Main Document    Page 6 of 7

## III.

### The Court is Empowered to Determine the Value of the Real Property

Bankruptcy Rule 3012 allows the Bankruptcy Court to value the property, which is collateral of a secured creditor, to determine the extent to which such creditor is secured. *Bankruptcy Rule 3012 states*:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest, on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

As set forth in this Motion, the Debtors are asking the Court to value the Real Property so that a determination can be made as to what extent, if any, the senior and junior liens are secured by the estate's interest in the Real Property. As set forth in the attached Declaration of Guillermo Luis Calixtro and the exhibits attached thereto, the Real Property has a value of $765,000.00, rendering the senior lien unsecured to the extent of $244,129.62 and leaving no value available to secure the junior lien in favor of BAC Home Loans Servicing, LP ("BAC 2nd") in the amount of $121,400.00.

## IV.

### A Claim Secured by the Estate's Interest in Property is Secured Only to the Extent of the Estate's Interest Therein

*11 U.S.C. §506(a)(1)* defines the interest a secured creditor may have in an asset of a bankruptcy state. *11 U.S.C. §506(a)(1)* provides, in part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

– 6 –
Motion to Avoid Lien, etc. (Income property)

As set forth in the attached Declaration of Guillermo Luis Calixtro, the Real Property has a value of $765,000.00 against which is owed $1,009,129.62 on the senior lien and $121,400.00 on the junior lien. Based upon the Debtors' valuation, there is no value over and above the Senior Lien to secure the junior lien, as such, and under the provision of *11 U.S.C. §506(a)(1)*, the senior lien is unsecured to the extent of $244,129.62 and the junior lien in favor of BAC Home Loans Servicing LP ("BAC 2nd")  in the amount of $121,400.00 is valueless and must be avoided.

## V.

## Conclusion

Based upon the code sections cited above and the Debtors' statement of value of the Real Property, there is no value to fully secure the senior lien and no value to secure the junior lien, thus the senior lien should be deemed unsecured to the extent of $244,129.62 and the junior lien in favor of BAC Home Loans Servicing in the amount of $121,400.00 should be deemed completely unsecured and the liens avoided.

Date:  08/31/2010                                              Respectfully submitted,


                                             /s/ Timothy F. Umbreit          .
                                            Timothy F. Umbreit   SBN 145932
                                            Attorney for Debtors