1  Richard J. Bauer, Jr., Esq.
   California Bar No. 147314
2  Mark T. Domeyer, Esq.
   California Bar No. 135008
3  MILES, BAUER, BERGSTROM & WINTERS, LLP
   1231 E. Dyer Road, Suite 100
4  Santa Ana, CA  92705
   (714) 481-9100 / FAX (714) 481-9144
5  File No. 10-03392

6  Attorneys for Secured Creditor,
   THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE
7  FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-
   OA17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA17
8

9              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
10             LOS ANGELES DIVISION

11 In re:                                              Case No.: 2:10-BK-33389-ER

12 GUILLERMO LUIS CALIXTRO AND TINA                    Chapter 11
   CALIXTRO, DBA HISPANOS UNIDOS
13 REALTY, FDBA SPECIALTY LOANS,                       **OBJECTIONS TO DISCLOSURE
   FDBA IFA EN TUS MANOS, AKA LUIS                     STATEMENT**
14 CALIXTRO, AKA GUILLERMO
   CALIXTRO, FDBA HISPANOS UNIDOS,                     Hearing –
15                                                     Date:  February 2, 2011
            Debtors.                                   Time:  10:00 A.M.
16                                                     Place: U.S. BANKRUPTCY COURT
                                                              255 E. Temple St.
17                                                            Los Angeles, CA  90012
                                                              Courtroom 1568

18     COMES NOW, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW

19 YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE

20 LOAN TRUST 2006-OA17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-

21 OA17, the duly authorized servicing agent for the first priority secured creditor with respect to

22 estate property commonly known as 19830 E. Saddle Ridge Lane, Walnut, CA 91789 ("Saddle

23 Ridge Property"), a Class 1-B creditor and a party in interest in this proceeding ("Objecting

24 Secured Creditor") and submits the following Objections to the approval of the Debtors'

1

1  Disclosure Statement Describing Debtors' Chapter 11 Plan of Reorganization ("Disclosure
2  Statement") dated December 29, 2010 and respectfully requests that the court deny approval of
3  the Disclosure Statement and deny confirmation of the Plan.
4
5  **Background**
6  In support of its objections, the Objecting Secured Creditor shows the Court as follows.
7  The Objecting Secured Creditor holds a perfected first priority perfected security interest in the
8  Saddle Ridge Property. Debtors hold several other pieces of real property and resort to their
9  Schedules and the Disclosure Statement confirms that valuation of the Saddle Ridge Property
10  and several other properties modification of interest rates and other contractual terms.
11  The Objecting Secured Creditor's collateral has been valued at $765,000.00 but Debtors
12  propose to ignore that value and amortize a new forced loan based on a reduced principal amount
13  of $700,000.00 with a balloon of principal in thirty years, thereby ignoring the dictates of 11
14  U.S.C. §§ 506 and 1129(b)(2)(A)(i)(II). Debtors cannot have it both ways. Having valued the
15  collateral the secured claim is fixed by the valuation and the interest rate must be applied to the
16  full secured claim without the artifice of a balloon of a portion of the principal balance so that the
17  secured claim is not fully amortized.
18  The Objecting Secured Creditor has yet to determine whether or not to make an election
19  in accordance with 11 U.S.C. § 1111(b) although it is likely it will make the election and the
20  Disclosure Statement and Plan do not even address the possibility of an election. Accordingly,
21  Respondent requests that the approval of the Disclosure Statement and confirmation of the Plan
22  be denied and that the Debtors be directed to amend the Plan to provide for the retention of liens
23  and the amortization of the full amount of each secured claim including the Objecting Secured
24  Creditor's claim secured to the full extent of the value of the Saddle Ridge Property.

## A. THE DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE INFORMATION. 11 U.S.C. §1125 (a)(1).

In order for a Debtor's Chapter 11 Disclosure Statement to be approved, it must comply with the provisions of 11 U.S.C. §1125(a)(1) that requires that the Disclosure Statement provide: "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interest of the relevant class to make an informed judgment about the plan..."

When interpreting "adequate information," the Courts have developed checklists of information necessary to satisfy the requirements of section 1125 which include:

a. Events giving rise to the Chapter 11 filing.
b. A description of the Debtors' assets and the values thereof.
c. Anticipated future of the Debtors.
d. The present financial condition of the Debtors.
e. Discussion of all secured claims and their treatment under the Plan.
f. A liquidation analysis.
g. Accounting principles used and reliability of experts.
h. Qualifications of future management.
i. Estimates of administrative expenses.
j. Risks to creditors under the Plan.
k. Feasibility analysis.
l. Possible recovery of preferences and fraudulent conveyances.
m. Tax consequences of the Plan.
n. Proposed payments and relations with affiliates.
o. Source of information in the Disclosure Statement.

(*In Re Metrocraft Publishing Service, Inc.*, 39 B.R.567 (Bankr.N.D. GA. 1984); *In Re A.C. Williams Co.*, 25 B.R. 173 (Bankr. N.D. Oh. 1982); *In Re William F.Gable Co.*, 10 B.R. 248 (Bankr.N.D. W.Va. 1981)).

The bankruptcy court may disapprove of a disclosure statement, even if it provides adequate information about a proposed Chapter 11 plan, if plan could not possibly be confirmed. See, In re Main Street AC, Inc. 234 B.R. 771 (Bankr. N.D. Cal. 1999). If a Chapter 11 plan is

1  patently unconfirmable on its face, the application to approve the disclosure statement must be
2  denied, as solicitation of the vote would be futile. 11 U.S.C. § 11225(a, b); In re Quigley Corp.
3  377 B.R. 110 (Bankr. S.D.N.Y. 2007).
4      The Plan as amended fails to even consider the possibility of Secured Creditors making
5  an election in accordance with 11 U.S.C. § 1111(b) and Congress afforded this right to
6  undersecured creditors to protect their interests in their collateral. In addition, the Debtors
7  cannot ignore their own values set in the case and propose a plan that amortizes less than the full
8  amount of the secured claim with reference to the value of the collateral. The Debtors' slight of
9  hand in seeking a second reduction in the principal amount of the Secured Claim suggests that
10 the Plan is infeasible and Debtors cannot merely ignore the dictates of the Code as they pertain to
11 the treatment of secured claims and defer the day of reckoning for thirty years all without
12 compensating the Objecting Secured Creditor for the risk of loss.

**The Plan does not meet the Full Value Requirement (11 U.S.C. § 1129 (b)(2)(A)(i)(II).**

    The Plan proposes to play games with the value of the collateral already determined while also ignoring the possibility of an 1111(b) election. Debtors attempt to manipulate the amount of the secured claim with a balloon payment of principal in thirty years in the amount of $65,000.00 without including that portion of the secured claim in the amount of the secured claim to bear interest.

    Debtors propose a second reduction in the principal balance of the Class 1-B secured claim to an amount $65,000.00 below the value of the collateral that has already been proposed in this case. The Debtors do not propose payment of any interest on this $65,000.00 portion of the Class 1-B secured claim, thereby ignoring the dictates of 11 U.S.C. §§ 506 and 1129(b)(2)(A)(i)(II).

On this newly reduced principal balance Debtors propose to pay interest at a 5.25% fixed rate for five years, 6.5% during year six and 7.5% over years eight through thirty. Even this graduated increase in rates produces a blended rate that below the market rate and which inappropriately applies the standard for setting an appropriate rate of interest. Judge Theodor Albert, a sister court in the Central district sitting in Santa Ana recently published a decision regarding an appropriate interest rate on a loan with a hundred percent loan to value ration and applying the "blended rate" analysis and found an appropriate interest rate of 8.5% on a seven year fixed loan on a commercial property. See, In re North Valley Mall, LLC., 432 B.R. 825, 836 Bankr. C.D. Cal. 2010)(citing and employing standards set forth in: Pacifica First Bank v. Boulders on the river, Inc. (In re Boulders on the River, Inc., 164 B.R. 99, 105 (9th Cir. B.A.P. 1994) and Till v. SCS Credit Corp., 541 U.S. 465, 479-80, 124 S.Ct. 1951, 1961, 158 L.Ed.2d 787 (2004).

The proposed interest rate does not adequately compensate the Objecting Secured Creditor for the risk inherent in the proposed Chapter 11 Plan, particularly here where the Debtors do not even propose to pay interest on the entire claim. The Court in *In re American Home Patient, Inc.* 420 F.3d 559, held that "the market rate should be applied in Chapter 11 cases where there exists an efficient market, but that where no efficient market exists for a Chapter 11 debtor, the bankruptcy court should employ the formula approach endorsed by the *Till* court." *TILL et ux. V. SCS Credit Corp*, 301 F.3d 583 (2004) (reversed and remanded) held that a secured creditor that was subjected to a "cram-down option" was entitled a rate of interest on its obligation that would 'compensate a creditor for the fact that had he received the property immediately rather than at a future date, he could have immediately made use of the property". "..[t]he plain language of §1325(a)(5)(B)(ii) requires a court to determine, first, the allowed amount of the claim; second, what is the property to be distributed under the

5

plan; and, third, the "value, as of the effective date of the plan", of the property to be distributed. This third requirement, which is at issue here, incorporates the principle of the time value of money. Section 1325(a)(5)(B)(ii) request valuation of the property, not valuation of the plan..." The step up in rates to a ceiling of 7.5% interest rate for persons with limited income on a 100% loan-to-value force loan can hardly be said to provide a market rate of interest and to adequately protect the interest of objecting secured creditors.

**Debtor is Apparently Using Cash Collateral without Authorization**

Secured Creditor has not given its consent to use of cash collateral and the Court has not authorized the use of cash collateral. Debtor has two pieces of real property, the Debtor's residence, which presumably generates no cash collateral and the Objecting Secured Creditor's collateral. Debtor's Schedule I identifies total income of $3,500.00 per month, all of which is apparently derived from rents as item 8 entitled "Income from real property" in Schedule I lists total income of $3,500.00 per month. A true copy of Debtor's Schedule I is attached hereto as **Exhibit "1"** and is incorporated herein by this reference. Secured Creditor respectfully requests that the Court take judicial notice of the contents of Exhibit 1 in accordance with F.R.Evid. 202.

The Disclosure Statement in the section describing the means of effectuating the Plan describes the sources of funding for the Plan. The Disclosure Statement says: "The Plan will by funded by the following: the collection of rents from the real property located at 19830 E. Saddle Ridge Ln., Walnut, California, and the post-confirmation earnings of the Debtors, and the future income tax refund for duration of the plan."
Disclosure Statement at p. 16, lines 27-28 and p. 17. line 1 (emphasis in original).

Debtors are apparently using cash collateral without consent of secured creditors or court approval as required by 11 U.S.C. § 363(c)(2). This failure to properly account for the use of cash collateral standing alone will be a sufficient ground to deny confirmation in accordance

6

1 | with 11 U.S.C. § 1129(a)(1) and (2), which provide that the Court shall confirm a plan only if the

2 | Plan complies with the applicable provisions of this title and the proponent of the plan complies

3 | by the applicable provisions of this title. By Debtors' own admissions they are not complying

4 | with the strictures of the Bankruptcy Code governing the use of cash collateral. In addition,

5 | Debtor has already valued the collateral and the Secured Creditor has not been receiving

6 | adequate protection payments or cash collateral, further diluting the secured claim and the total

7 | value of the Secured Creditor's collateral.

8 | **The Plan Violates the Absolute Priority Rule – 11 U.S.C. § 1129(b)(2)(B)**

9 | The Debtors intend to retain their interest and to use profits from the Secured Creditor's

10 | collateral or any appreciation in value for Debtors' own use prior to paying the Secured Creditor

11 | in full. The absolute priority rule requires that senior priority creditors, including secured

12 | creditors, be paid in full before any recoveries go to the unsecured creditors or principals of the

13 | Debtor. *See,* Liberty Nat'l Enters. v. Ambanc La Mesa Ltd. Partnership (In re Ambanc La Mesa

14 | Ltd. Partnership), 115 F3d. 650, 654-655 (9th Cir. 1997); In re Gbadebo, 431 B.R. 222, 227

15 | (Bankr. N.D. Cal. 2010)(absolute priority rule continues post-BAPCPA). Even if the Court

16 | believes that the absolute priority rule did not survive BAPCPA, the Debtor's interest holders

17 | may not, over the objection of a senior class of impaired creditors, contribute new capital and

18 | receive an ownership interest in the reorganized entity if that opportunity is only given to the

19 | older equity holders under a plan adopted without consideration of alternatives. *See,* Bank of

20 | Am. Nat'l Trust & Savings Ass'n. v. 203 North LaSalle Street P'ship, 526 U.S. 434, 119 S.Ct.

21 | 1411, 143 L.Ed.2d 607 (1999).

22 | //

23 | //

24 | //

CONCLUSION

WHEREFORE, Secured Creditor prays as follows:

(1)     That the Court should not approve the disclosure statement.

(2)     The confirmation of the proposed Chapter 11 Plan be denied.

(3)     That the Debtors be directed to amend the plan to pay interest on the entire amount of the Secured Claim as set by the value of the Property on adequate notice to secured creditors to enable those creditors to meaningfully participate in the hearings to consider approval of an amended disclosure statement and confirmation of an amended plan.

(4)     That the time for the Objecting Secured Creditor to make an election in accordance with 11 U.S.C. §1111(b) be extended to or fourteen days after approval of an amended disclosure statement.

(5)     That the Debtors be required to demonstrate that their proposed interest rate is a market rate and that the plan is feasible with adequate projections.

(6)     That the Debtor be required to account for any cash collateral derived from the Saddle Ridge Property and amend the plan to account for the diminution in the value of the Secured Creditor's collateral during the case.

(7)     For such other relief as this Court deems proper.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: January 19, 2011     By: /s/ Mark T. Domeyer
                                Richard J. Bauer, Jr., Esq.
                                Mark T. Domeyer
                                Attorney for Movant

# PROOF OF SERVICE

I, __Sandra Garcia__, certify that I am a resident of Orange County, I am over the age of eighteen (18) and not a party to the within action, and that my business address is: 1231 E. Dyer Road, Suite 100, Santa Ana, CA 92705.

On __1/20/11__, I served the within **OBJECTIONS TO DISCLOSURE STATEMENT** on all interested parties in this proceeding by placing a true and correct copy thereof enclosed in a sealed envelope with postage pre-paid in the United States Mail at Santa Ana, California, addressed as follows:

DEBTORS:
Guillermo Luis Calixtro
Tina Calixtro
9824 S. Hawkstone Ave.
Whittier, CA 90605

JUNIOR LIENHOLDER:
BAC Home Loans Servicing
7105 Corporate Drive
Plano, TX 75024

ATTORNEY FOR DEBTORS:
Timothy F. Umbreit
4701 Cartwright Ave
Toluca Lake, CA 91602

U.S. TRUSTEE:
Ernst & Young Plaza
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017

20 LARGEST UNSECURED CREDITORS:
See Attached List

I certify that I am employed in the Office of a Member of the Bar at whose direction the Service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __1/20/11__, at Santa Ana, California.

_/s/ Sandra Garcia_

10-03392/cdmisc.dot/sbs

9

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Central District of California

In re: Guillermo Luis Calixtro, Tina Calixtro, Debtor(s)

Case No. _____
Chapter 11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Alfredo Leon<br>5024 S Vermont Ave<br>Los Angeles, CA 90237 | Alfredo Leon<br>5024 S Vermont Ave<br>Los Angeles, CA 90237 | Personal loan for business purposes business unsecured loan | | 100,000.00 |
| BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | 19830 E. Saddle Ridge Ln., Walnut, CA 91789 | | 920,000.00<br>(750,000.00 secured) |
| BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | 19830 E. Saddle Ridge Ln., Walnut, CA 91789 | | 128,000.00<br>(750,000.00 secured)<br>(920,000.00 senior lien) |
| BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | 9824 S. Hawkstone Ave., Whittier, CA 90605 | | 100,000.00<br>(300,000.00 secured)<br>(350,000.00 senior lien) |
| Bank of America<br>PO BOX 15726<br>Wilmington, DE 19886 | Bank of America<br>PO BOX 15726<br>Wilmington, DE 19886 | Credit card purchases | | 19,900.00 |
| Blanca Avelar<br>12028 Fourth Avenue<br>Lynwood, CA 90262 | Blanca Avelar<br>12028 Fourth Avenue<br>Lynwood, CA 90262 | personal loan | | 12,000.00 |
| CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | Credit cars purchases | | 22,520.00 |
| CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | Credit card purchases | | 19,200.00 |
| CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | Credit card purchases | | 7,800.00 |
| Edgardo Paredez<br>10328 Lesterford Ave<br>Downey, CA 90241 | Edgardo Paredez<br>10328 Lesterford Ave<br>Downey, CA 90241 | Personal loan for business purposes | | 90,000.00 |

B4 (Official Form 4) (12/07) - Cont.

In re Guillermo Luis Calixtro
Tina Calixtro
_____
Debtor(s)

Case No. _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br>Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| EMC Mortgage Corporation<br>PO BOX 660530<br>Dallas, TX 75266 | EMC Mortgage Corporation<br>PO BOX 660530<br>Dallas, TX 75266 | 9824 S. Hawkstone Ave., Whittier, CA 90605 | | 350,000.00<br><br>(300,000.00 secured) |
| Khio Yang and Keum Ja Yang<br>3001 W. Beverly Blvd<br>Montebello, CA 90640 | Khio Yang and Keum Ja Yang<br>3001 W. Beverly Blvd<br>Montebello, CA 90640 | Personal loan secured by a real estate property. This money was never received and it was used to secure the payment of the commercial rent at 2465 W | | 80,730.00 |
| Khio Yang and Keum Ja Yang<br>828 Adelita St<br>Montebello, CA 90640 | Khio Yang and Keum Ja Yang<br>828 Adelita St<br>Montebello, CA 90640 | arrears on commercial rent at 2465 W. Whittier Blvd., 2nd Fl., Montebello, CA 90640 | | 104,000.00 |
| Martha Mendez Caudillo<br>Superior Court of California<br>Case # VC053324<br>12720 Norwalk Blvd<br>Norwalk, CA 90650 | Martha Mendez Caudillo<br>Superior Court of California<br>Case # VC053324<br>Norwalk, CA 90650 | Complaint for moeny | Disputed | 25,000.00 |
| Mundy Media Corporation<br>3301 Barham Blvd, Ste 100<br>Los Angeles, CA 90068 | Mundy Media Corporation<br>3301 Barham Blvd, Ste 100<br>Los Angeles, CA 90068 | collection account | | 36,450.00 |
| Office Depot Credit Plan<br>PO BOX 689020<br>Des Moines, IA 50368 | Office Depot Credit Plan<br>PO BOX 689020<br>Des Moines, IA 50368 | Credit card purchases | | 7,900.00 |
| Pablo and Laura Garcia<br>11216 Meadowlark Ln<br>Bloomington, CA 92316 | Pablo and Laura Garcia<br>11216 Meadowlark Ln<br>Bloomington, CA 92316 | Personal loan for business purposes | | 65,000.00 |
| Sam's Club<br>Attention: Bankruptcy Department<br>Po Box 103104<br>Roswell, GA 30076 | Sam's Club<br>Attention: Bankruptcy Department<br>Po Box 103104<br>Roswell, GA 30076 | Credit card purchases | | 7,200.00 |
| Sears Gold Master Card<br>PO BOX 6282<br>Sioux Falls, SD 57117 | Sears Gold Master Card<br>PO BOX 6282<br>Sioux Falls, SD 57117 | Credit card purchases | | 8,300.00 |
| TARGET NATIONAL BANK<br>PO BOX 59317<br>Minneapolis, MN 55459 | TARGET NATIONAL BANK<br>PO BOX 59317<br>Minneapolis, MN 55459 | Colection account Case #09C00964 | | 9,100.00 |

B4 (Official Form 4) (12/07) - Cont.

In re   Guillermo Luis Calixtro
        Tina Calixtro                                                    Case No. _____
                                    Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

We, Guillermo Luis Calixtro and Tina Calixtro, the debtors in this case, declare under penalty of perjury that we have read the foregoing list and that it is true and correct to the best of our information and belief.

Date  June 8, 2010           Signature  _____
                                        Guillermo Luis Calixtro
                                        Debtor

Date  June 8, 2010           Signature  _____
                                        Tina Calixtro
                                        Joint Debtor

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B6I (Official Form 6I) (12/07)

In re   Guillermo Luis Calixtro
        Tina Calixtro
                        Debtor(s)                                           Case No.   2:10-bk-33389-ER

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S):<br>Son<br>Daughter<br>Son | AGE(S):<br>14<br>19<br>21 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Office manager | Assistant |
| Name of Employer | L Bishop Austin & Associates | Hispanos Unidos & Associates |
| How long employed | 6 months | 6 months |
| Address of Employer | 3250 Wilshire Blvd., Ste 1500<br>Los Angeles, CA 90010 | 2009 W. Whittier Blvd.,<br>Montebello, CA 90640 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 3,500.00 | $ 1,800.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 3,500.00 | $ 1,800.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $ 0.00 | $ 0.00 |
|     b. Insurance | $ 0.00 | $ 0.00 |
|     c. Union dues | $ 0.00 | $ 0.00 |
|     d. Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 3,500.00 | $ 1,800.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 3,500.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 3,500.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 7,000.00 | $ 1,800.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 8,800.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
    none. Debtor will receive a 1099 at EOY.

EXHIBIT 1

10