1 | Mark T. Domeyer, Esq.
  | California Bar No. 135008
2 | MILES, BAUER, BERGSTROM & WINTERS, LLP
  | 1231 E. Dyer Road, Suite 100
3 | Santa Ana, CA  92705
  | (714) 481-9100 / FAX (714) 481-9144
4 | File No. 10-03392

5 | Attorneys for Secured Creditor,
  | THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE
6 | FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-
  | OA17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA17
7 |
  |                UNITED STATES BANKRUPTCY COURT
8 |                 CENTRAL DISTRICT OF CALIFORNIA
  |                    LOS ANGELES DIVISION
9 |

| | |
|---|---|
| In re: | Case No.: 2:10-BK-33389-ER |
| GUILLERMO LUIS CALIXTRO AND TINA CALIXTRO, DBA HISPANOS UNIDOS REALTY, FDBA SPECIALTY LOANS, FDBA IFA EN TUS MANOS, AKA LUIS CALIXTRO, AKA GUILLERMO CALIXTRO, FDBA HISPANOS UNIDOS, | Chapter 11 **OBJECTIONS TO CONFIRMATION OF DEBTORS' AMENDED CHAPTER 11 PLAN** |
| Debtors. | Hearing – Date: May 10, 2011 |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OA17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA17, | Time: 11:00 A.M. Place: U.S. BANKRUPTCY COURT 255 E. Temple St. Los Angeles, CA  90012 Courtroom 1568 |
| Secured Creditor, | |
| vs. | |
| GUILLERMO LUIS CALIXTRO AND TINA CALIXTRO, DBA HISPANOS UNIDOS REALTY, FDBA SPECIALTY LOANS, FDBA IFA EN TUS MANOS, AKA LUIS CALIXTRO, AKA GUILLERMO CALIXTRO, FDBA HISPANOS UNIDOS, Debtor; Respondents. | |

1

1  COMES NOW, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW

2  YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE

3  LOAN TRUST 2006-OA17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-

4  OA17, the holder of a first priority secured claim with respect to estate property commonly

5  known as **19830 East Saddle Ridge Lane, Walnut, CA  91789** ("East Saddle Ridge Lane

6  Property") and a Class 1-B secured Creditor and submits the following Objections to the

7  Debtors' Amended Plan of Reorganization ("Amended Plan")

8  The Secured Creditor filed a claim on January 21, 2011 setting forth a total claim in the

9  amount of $1,175,280.98, with arrears of $166,151.35 ("Claim No. 22). The Secured Creditor

10  filed and served an election in accordance with 11 U.S.C. § 1111(b) on February 2, 2011,

11  electing to have its claim treated as fully secured for purposes of confirmation.

12  The Amended recognizes a secured claim in the amount of $1,175,280.98. proposes to

13  value the collateral at 765,000.00 and to bifurcate the claim into secured and unsecured portions

14  if the Secured Creditor does not make an election in accordance with 11 U.S.C. § 1111(b). The

15  Plan treatment set forth for the class 1-B claim in response to the election is as follows:

16  This Creditor has elected to be treated under 1111(b) full secured debt.
   According to that [election], The BAC payment should be $3240.87 for 312 equal
17  monthly installments for a total of $1,011.151.44. The NPV is $765,000. The
   rate is 2.25% to determine NPV. No interest will accrue of t he secured claim and
18  all payments are to be applied to principal. Total payout: 100%

19

20  Amended Plan at p. 6, lines 1-12.

21  ///

22  ///

23  ///

24  ///

2

### Having made the Election the Secured Creditor has an allowed secured claim equal to its total claim and must Receive a stream of payments having a present value of at least the value of the holder's interest in such Property," *i.e.*, the Value of its collateral in accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(II).

By exercising its election, the secured creditor's total claim, in this case ($1,175,280.98) is treated as a single secured claim for purposes of plan distribution and plan voting. In re Weinstein, 227 B.R. 284, 293, n. 10 (9th Cir. B.A.P. 1998). In order for the Plan to comply with the cram down requirements of § 1129(b)(2)(A)(i)(I), the electing creditor must retain a lien equal to the total amount of its claim and the lien is not stripped down. In re Weinstein, 227 B.R. at 294.

In addition, under subsection (II), the Secured Creditor must receive cash payments the total sum of which is at least equal to the allowed amount of its claim, and these cash payments must have a value equal to the creditor's interest in the estate's interest in the property as of the effective date of the Plan (*i.e.*, a present value). **Id.**, 227 B.R. at 293. "Present value" includes the 'time value of money.'" **Id.**, 227 B.R. at 293, n. 11, *citing*, **Bryson Properties, XVIII**, 961 F.2d, at 500, n. 4.

The Amended Plan recognizes that the stream of payments should equal the claim amount, but proposes a rate too low to provide *present value*, proposing a "net present value" using a discount rate of 2.5% on the entire claim amount, with no payment of interest. However, Secured Creditor believes that the correct measure of "present value" under In re Weinstein and related cases is a an appropriate *present value* on the secured claim amount under 11 U.S.C. § 506 as the claim is a secured claim and is entitled to payment of interest, albeit, not at the same rate as on the fully stripped down secured claim, as the risk of loss is not the same. However, to adopt the Debtor's view would deny the secured claim a stream of payments even equal to the rate of inflation.

3

1   As set forth in Weinstein: "A stream of payment to be received in the future has less value than if that money were paid today. The amount of the reduction is the discount... Therefore, by requiring that interest at an appropriate discount rate be paid on the unpaid portion of the secured claim, the creditor receives the present value of its claim. The Court determines the appropriate interest rate based on a variety of considerations." **Id.**

Applying these principles, in order for the Secured Creditor to have its 1111(b) election properly applied, it must retain a lien on the property in the amount of its total claim of $1,175,280.98 and must receive a stream of payments with a present value of $765,000.00 aggregating $1,175,280.98. **Id.** The interest that must be paid is a market rate of interest on the 11 U.S.C. § 506 value of the collateral, in this instance $765,000.00. **United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Assocs., Ltd.,** 484 U.S. 365, 377, 108 S.Ct. 626, 633, 98 L.Ed.2d 740 (1988)(noting that 11 U.S.C. §1129(b)(2)(A)(i)(II) requires paying the present value of the collateral; **Bryson Properties, XVIII**, 961 F.2d, at 500.

As **Weinstein** and 11 U.S.C. §1129(b)(2)(A)(i)(II) make clear, the undersecured electing creditor's interest in the estate's interest in the property is equal to the value of the secured creditor's collateral, and this secured value is entitle to interest at a market rate to compensate for the time value of money. The Plan and Disclosure Statement simply provide for a 2.25 % "net present value", which needs to be a market rate of interest to compensate for the "time value of money."

The Amended specifically fails to provide for interest on the secured claim. The proposed "net present value" does not adequately compensate the Objecting Secured Creditor for the risk inherent in the proposed Chapter 11 Plan in keeping with the election. The Court in *In re American Home Patient, Inc.* 420 F.3d 559, held that "the market rate should be applied in Chapter 11 cases where there exists an efficient market, but that where no efficient market exists

for a Chapter 11 debtor, the bankruptcy court should employ the formula approach endorsed by the *Till* court." *TILL et ux. V. SCS Credit Corp,* 301 F.3d 583 (2004) (reversed and remanded) held that a secured creditor that was subjected to a "cram-down option" was entitled a rate of interest on its obligation that would 'compensate a creditor for the fact that had he received the property immediately rather than at a future date, he could have immediately made use of the property".

"..[t]he plain language of §1325(a)(5)(B)(ii) requires a court to determine, first, the allowed amount of the claim; second, what is the property to be distributed under the plan; and, third, the "value, as of the effective date of the plan", of the property to be distributed. This third requirement, which is at issue here, incorporates the principle of the time value of money. Section 1325(a)(5)(B)(ii) request valuation of the property, not valuation of the plan..."

**Debtor's failure to maintain taxes post-petition suggests that the plan may not be feasible and the advances must be addressed as an administrative priority claim**

This case was filed on June 9, 2010. Debtor has failed to make all the post-petition payments to the Secured Creditor. Debtor has failed to maintain post-petition real estate taxes and the Secured Creditor was forced to make advances post-petition as follows: 3/18/2011 in the amount of $5,268.86 for County taxes, on 11/22/2010 in the amount of $5,268.87 for County taxes for total advances of $10,537.73. The fact that the Secured Creditor was required to make these advances suggests to us that the Plan may be infeasible even if there is an undertaking to pay taxes and insurance post confirmation.

Moreover, the advances were post-petition and benefited the estate and as such would qualify as administrative expenses and would need to be paid in full on the effective date of the

5

1  Plan in accordance with 11 U.S.C. § 1129(a)(9) unless the Secured Creditor consents to different
2  treatment.
3      The failure of the Debtor to make post-petition payments and to maintain taxes and
4  insurance post-petition as required implicates the feasibility of the Plan and the Plan should only
5  be confirmed if amended to provide for a cure of the advances in the total amount of $10,537.73
6  on the Effective Date of the Plan or on such other repayment terms as may be agreed to by the
7  Secured Creditor.

8  **The Plan Violates the Absolute Priority Rule – 11 U.S.C. § 1129(b)(2)(B)**

9      The Debtor intends to retain her interest and to use profits from the Secured Creditor's
10  collateral or any appreciation in value for Debtor's own use prior to paying the Secured Creditor
11  in full. The absolute priority rule requires that senior priority creditors, including secured
12  creditors, be paid in full before any recoveries go to the unsecured creditors or principals of the
13  Debtor. *See,* Liberty Nat'l Enters. v. Ambanc La Mesa Ltd. Partnership (In re Ambanc La Mesa
14  Ltd. Partnership), 115 F3d. 650, 654-655 (9th Cir. 1997); In re Gbadebo, 431 B.R. 222, 227
15  (Bankr. N.D. Cal. 2010)(absolute priority rule continues post-BAPCPA). Even if the Court
16  believes that the absolute priority rule did not survive BAPCPA, the Debtor's interest holders
17  may not, over the objection of a senior class of impaired creditors, contribute new capital and
18  receive an ownership interest in the reorganized entity if that opportunity is only given to the
19  older equity holders under a plan adopted without consideration of alternatives. *See*, Bank of
20  Am. Nat'l Trust & Savings Ass'n. v. 203 North LaSalle Street P'ship, 526 U.S. 434, 119 S.Ct.
21  1411, 143 L.Ed.2d 607 (1999).
22      WHEREFORE, Secured Creditor prays as follows:
23      (1)That confirmation of the proposed Chapter 11 Plan be denied.
24

1  (2) That the Debtor as the Plan proponent be required to demonstrate the feasibility of the

2  Plan, including the payment of advances by the Secured Creditor in the total amount of

3  $10,537.73 on the Effective Date of the Plan; and

4  (3) For such other relief as this Court deems proper.

5

6  MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated:    April 11, 2011          By:    /s/ Mark T. Domeyer
7                                          Mark T. Domeyer, Esq.
                                           Attorney for Secured Creditor
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# PROOF OF SERVICE

I, ___Sandra Gacia___, certify that I am a resident of Orange County, I am over the age of eighteen (18) and not a party to the within action, and that my business address is: 1231 E. Dyer Road, Suite 100, Santa Ana, CA 92705.

On ___4/11/11___, I served the within **OBJECTIONS TO CONFIRMATION OF DEBTORS' AMENDED CHAPTER 11 PLAN** on all interested parties in this proceeding by placing a true and correct copy thereof enclosed in a sealed envelope with postage pre-paid in the United States Mail at Santa Ana, California, addressed as follows:

DEBTOR:
Guillermo Luis Calixtro
Tina Calixtro
9824 S. Hawkstone Ave.
Whittier, CA 90605

JUNIOR LIENHOLDER:
BAC Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024

20 LARGEST UNSECURED CREDITORS:
See Attached List

ATTORNEY FOR DEBTOR:
Timothy F. Umbreit
4701 Cartwright Ave
Toluca Lake, CA 91602

U.S. TRUSTEE:
Ernst & Young Plaza
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017

I certify that I am employed in the Office of a Member of the Bar at whose direction the Service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___4/11/11___, at Santa Ana, California.

/s/ Sandra Garcia

10-03392/cdmisc.dot/sbs

8

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Central District of California

In re: Guillermo Luis Calixtro / Tina Calixtro, Debtor(s)

Case No. _____
Chapter 11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br>Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Alfredo Leon<br>5024 S Vermont Ave<br>Los Angeles, CA 90237 | Alfredo Leon<br>5024 S Vermont Ave<br>Los Angeles, CA 90237 | Personal loan for business purposes business unsecured loan | | 100,000.00 |
| BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | 19830 E. Saddle Ridge Ln., Walnut, CA 91789 | | 920,000.00<br>(750,000.00 secured) |
| BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | 19830 E. Saddle Ridge Ln., Walnut, CA 91789 | | 128,000.00<br>(750,000.00 secured)<br>(920,000.00 senior lien) |
| BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | BAC Home Loans Servicing<br>7105 Corporate Drive<br>Plano, TX 75024 | 9824 S. Hawkstone Ave., Whittier, CA 90605 | | 100,000.00<br>(300,000.00 secured)<br>(350,000.00 senior lien) |
| Bank of America<br>PO BOX 15726<br>Wilmington, DE 19886 | Bank of America<br>PO BOX 15726<br>Wilmington, DE 19886 | Credit card purchases | | 19,900.00 |
| Blanca Avelar<br>12028 Fourth Avenue<br>Lynwood, CA 90262 | Blanca Avelar<br>12028 Fourth Avenue<br>Lynwood, CA 90262 | personal loan | | 12,000.00 |
| CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | Credit cars purchases | | 22,520.00 |
| CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | Credit card purchases | | 19,200.00 |
| CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | CARDMEMBER SERVICE<br>PO BOX 94014<br>Palatine, IL 60094 | Credit card purchases | | 7,800.00 |
| Edgardo Paredez<br>10328 Lesterford Ave<br>Downey, CA 90241 | Edgardo Paredez<br>10328 Lesterford Ave<br>Downey, CA 90241 | Personal loan for business purposes | | 90,000.00 |

B4 (Official Form 4) (12/07) - Cont.

In re  Guillermo Luis Calixtro
       Tina Calixtro
                    Debtor(s)

Case No. _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| EMC Mortgage Corporation<br>PO BOX 660530<br>Dallas, TX 75266 | EMC Mortgage Corporation<br>PO BOX 660530<br>Dallas, TX 75266 | 9824 S. Hawkstone Ave., Whittier, CA 90605 | | 350,000.00<br><br>(300,000.00 secured) |
| Khio Yang and Keum Ja Yang<br>3001 W. Beverly Blvd<br>Montebello, CA 90640 | Khio Yang and Keum Ja Yang<br>3001 W. Beverly Blvd<br>Montebello, CA 90640 | Personal loan secured by a real estate property. This money was never received and it was used to secure the payment of the commercial rent at 2465 W | | 80,730.00 |
| Khio Yang and Keum Ja Yang<br>828 Adelita St<br>Montebello, CA 90640 | Khio Yang and Keum Ja Yang<br>828 Adelita St<br>Montebello, CA 90640 | arrears on commercial rent at 2465 W. Whittier Blvd., 2nd Fl., Montebello, CA 90640 | | 104,000.00 |
| Martha Mendez Caudillo<br>Superior Court of California<br>Case # VC053324<br>12720 Norwalk Blvd<br>Norwalk, CA 90650 | Martha Mendez Caudillo<br>Superior Court of California<br>Case # VC053324<br>Norwalk, CA 90650 | Complaint for moeny | Disputed | 25,000.00 |
| Mundy Media Corporation<br>3301 Barham Blvd, Ste 100<br>Los Angeles, CA 90068 | Mundy Media Corporation<br>3301 Barham Blvd, Ste 100<br>Los Angeles, CA 90068 | collection account | | 36,450.00 |
| Office Depot Credit Plan<br>PO BOX 689020<br>Des Moines, IA 50368 | Office Depot Credit Plan<br>PO BOX 689020<br>Des Moines, IA 50368 | Credit card purchases | | 7,900.00 |
| Pablo and Laura Garcia<br>11216 Meadowlark Ln<br>Bloomington, CA 92316 | Pablo and Laura Garcia<br>11216 Meadowlark Ln<br>Bloomington, CA 92316 | Personal loan for business purposes | | 65,000.00 |
| Sam's Club<br>Attention: Bankruptcy Department<br>Po Box 103104<br>Roswell, GA 30076 | Sam's Club<br>Attention: Bankruptcy Department<br>Po Box 103104<br>Roswell, GA 30076 | Credit card purchases | | 7,200.00 |
| Sears Gold Master Card<br>PO BOX 6282<br>Sioux Falls, SD 57117 | Sears Gold Master Card<br>PO BOX 6282<br>Sioux Falls, SD 57117 | Credit card purchases | | 8,300.00 |
| TARGET NATIONAL BANK<br>PO BOX 59317<br>Minneapolis, MN 55459 | TARGET NATIONAL BANK<br>PO BOX 59317<br>Minneapolis, MN 55459 | Colection account Case #09C00964 | | 9,100.00 |